**COLONIAL FINANCE CO.**
v.
**UNITED STATES.**
No. 11894.

United States Court of Appeals
Sixth Circuit.
Feb. 25, 1954.

Wm. B. Petermann, Cincinnati, Ohio, Robert R. Lavercombe, Petermann, Calhoun & McPherson, Cincinnati, Ohio, on brief, for appellant.

Richard H. Pennington, Asst. U. S. Atty., Cincinnati, Ohio, Hugh K. Martin, U. S. Atty., Thomas Stueve, Asst. U. S. Atty., Cincinnati, Ohio, on brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

The United States filed the within libel for forfeiture of a 1949 Cadillac sedan under the provisions of Sections 781 and 782, Title 49 U.S.C.A. alleging that on or about September 2, 1952, certain contraband articles, to-wit, 88 grains of heroin, were concealed and possessed in said motor vehicle and that the motor vehicle was used on that date to facilitate the concealment, possession and sale of the contraband articles. The appellant, Colonial Finance Company, intervened to protect its mortgagee interest in the property.

Two agents of the Federal Bureau of Narcotics testified concerning the purchase of the heroin on September 2, 1952, from Harry Everett in the back seat of a Cadillac automobile. However, it was not until September 12, 1952, that the Cadillac automobile involved in this proceeding was seized. Following the trial, in which it was stipulated that the substance sold in the automobile on September 2, 1952, was heroin, the District Judge entered a decree of forfeiture.

■ We find no merit in appellant's first contention that the evidence failed to show that the automobile seized on September 12, 1952, was the same automobile in which the 88 grains of heroin were sold to the narcotic agents on September 2, 1952. The evidence showed that Everett owned only one Cadillac automobile, and that the license number on the Cadillac seized, which was owned by Everett, was the same number as was on the Cadillac in which the sale took place. Although Government witnesses described the Cadillac in which the sale took place as being dark gray in color, while the Cadillac which was seized was of light gray color, the finding of the District Judge, on all of the evidence before him, that the two cars were the same is not, in our opinion, clearly erroneous.

The Government offered no evidence that the heroin was not in its original stamped package, that it was not from an original stamped package, or that there was an absence of appropriate tax-paid stamps. Appellant contends that in the absence of such evidence the Government failed to prove a violation of Sec. 2553, Title 26 U.S.Code, on the ground that sales in the original stamped package or from the original stamped package are not illegal under said section.

This is not a criminal proceeding under that section, which deals with a violation of the revenue law. Sec. 782, Title 49 U.S.C.A., provides for the seizure and forfeiture of any vehicle used in violation of Sec. 781 which makes it unlawful to use any vehicle to facilitate the concealment, possession or sale of any contraband article. Sec. 781 defines a contraband article as any narcotic drug which is sold or offered for sale "in violation of *any* laws or regula-

tions of the United States dealing therewith" (Emphasis added). Sec. 174, Title 21 U.S.C.A., makes it illegal for any person to knowingly import any narcotic drug into the United States contrary to law or to sell any such narcotic drug after its importation, knowing the same to have been imported contrary to law, and provides that possession by the defendant of the narcotic drug is sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury. Sec. 171, Title 21 U.S.C.A., defines the term "narcotic drug" as meaning opium or a derivative thereof. Heroin is a derivative of opium. While it is true that under Sec. 173, Title 21 U.S.C.A., some amounts of crude opium may be brought into the United States under Regulations by the Commissioner of Narcotics for medical and legitimate uses only, that section also provides "but no crude opium may be imported or brought in for the purpose of manufacturing heroin."

In the present case, the Government's evidence showed that the heroin was wrapped in three small tissue paper packages, which together with some marihuana cigarettes was contained in an ordinary paper sack which was concealed under the rear arm rest of the Cadillac automobile. Its possession by the seller was not explained.

■ Section 784, Title 49 U.S.C.A., implementing Sec. 781 and 782, provides that the provisions of law relating to the seizure and forfeiture of vessels and vehicles for violation of the custom laws are applicable to proceedings for the forfeiture of vehicles used in the violation of Sec. 781. Sec. 1615, Title 19 U.S.C.A., dealing with the procedure in such cases, provides that when probable cause has been first shown for the institution of such suit or action, to be adjudged by the court, the burden of proof shall lie upon the claimant. If the facts are of such a nature as to support a reasonable belief of a violation of the statute, although not enough to establish a prima facie case, probable cause has been shown. United States v. One 1949 Pontiac Sedan, 7 Cir., 194 F.2d 756, 759.

■ In our opinion, the foregoing evidence was sufficient to sustain the forfeiture adjudged by the District Court. United States v. Andrade, 9 Cir., 181 F.2d 42.

The judgment is affirmed.