UNITED STATES of America, Plaintiff,

v.

ONE 1977 PONTIAC GRAND PRIX, VIN
2J5747P137057, Defendant.

No. 78 C 3521.

United States District Court,
N. D. Illinois, E. D.

Oct. 31, 1979.

Thomas P. Sullivan, U. S. Atty., and Robert T. Grueneberg, Asst. U. S. Atty., Chicago, Ill., George W. Calhoun, Chief Sp. Litigation Section, Criminal Division, Dept. of Justice, Washington, D. C., for plaintiff.

Eric E. Graham, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

The government has moved for summary judgment in this action to forfeit a 1977 Pontiac Grand Prix, pursuant to 21 U.S.C. § 881. Under this statute:

"(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

. . . . . .

"(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances]."

The question before the court is whether there exist any material issues of fact as to whether the vehicle in question was used to facilitate a heroin transaction. *See United States v. One 1976 Buick Skylark*, 453 F.Supp. 639 (D.Colo.1978); *United States v. One 1973 Dodge Van*, 416 F.Supp. 43 (E.D. Mich.1976).

The facts, viewed in the light most favorable to the party opposing the motion for summary judgment, are that on May 9, 1978, two informants of the Drug Enforcement Administration (DEA) arranged to meet Mr. Oscar Villegas, the vehicle's owner, in front of Pepe's Tacos, a restaurant. Finding it closed, they decided to go to a McDonald's restaurant, and Villegas drove there in the Pontiac. After this meeting, one of the informants turned over a package of heroin to a DEA agent. The defendant does not dispute these allegations. The plaintiff has submitted affidavits of the narcotics agents involved attesting to their constant surveillance of the transaction in question. In view of their statements that the car and persons of the two informants were searched before they met Villegas,

and that they were watched constantly thereafter, the agents had sufficient grounds to believe that the heroin was transported in the vehicle, at least from Pepe's to McDonald's. There was therefore probable cause to seize the vehicle.

Forfeiture is proper in this case if there was no other means for the heroin to have arrived in the hands of the informants, than to have been transported to the McDonald's in Mr. Villegas' car. Because Mr. Villegas has failed to meet his burden under Federal Rule 56(e) of producing any affidavits or other documents in opposition to them, the government's affidavits must be taken as true. These establish that the informants did not have any heroin before they met Villegas, that Villegas was observed the entire time from when he met the informants to after he left the McDonald's, and that he handed the packet of heroin to one of the informants while in the McDonald's. The possibility that Villegas picked up this packet some time after he left his car to enter the McDonald's is too slim to warrant denying summary judgment to the government. The inference that the heroin was transported in the car is inescapable, and there is no issue remaining for trial.

 Mr. Villegas also contends that forfeiture is unjustified because he was subsequently acquitted on a narcotics charge on the defense of entrapment. The criminal violation with which he was charged, however, did not relate to delivery of the sample packet at McDonald's but to a later delivery of a larger quantity of heroin. Furthermore, even if the owner has been found innocent of narcotics charges, that innocence is not a defense to forfeiture of the vehicle under this statute. *See United States v. One 1972 Toyota Mark II*, 505 F.2d 1162 (8th Cir. 1974); *United States v. One 1973 Jaguar Coupe*, 431 F.Supp. 128 (S.D.N.Y.1977). A valid defense of entrapment to a criminal charge does not affect the question whether the vehicle was used to transport or facilitate the sale of heroin. A forfeiture proceeding does not require proof of criminal intent or proof beyond a reasonable doubt. It is a civil sanction which may be regarded as a penalty for the negligence of the owner, and is entirely separate from the criminal case. *See Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

It is hereby ordered that the 1977 Pontiac Grand Prix VIN 2J5747P137057 is condemned and forfeited to the United States of America in accordance with the provisions of 21 U.S.C. § 881. The General Motors Acceptance Corporation, in favor of whom the Attorney General of the United States has granted a Petition for Remission or Mitigation of Forfeiture of the vehicle in question, is entitled to payment of its lienholder's equity less the costs of seizure, amounting to a total of $595.05. Following the payment of this amount to the General Motors Acceptance Corporation, it is ordered that the automobile be turned over to the Drug Enforcement Administration, United States Department of Justice, for official use.