449 So.2d 367 (1984)
Steven J. FLAM, Appellant,
v.
CITY OF MIAMI BEACH, Appellee.
No. 83-1958.
District Court of Appeal of Florida, Third District.
April 17, 1984.
Rehearing Denied May 23, 1984.
*368 Colodny, Fass & Talenfeld and Joel S. Fass, North Miami, for appellant.
Ginsburg, Nagin, Rosin & Ginsburg and Steven Rosin, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
We hold in this case that entrapment is a viable defense to a proceeding for the forfeiture of currency under Sec. 932.701 et seq., Fla. Stat. (1981).
The appellant Flam was apprehended in a "reverse sting" operation when he handed a Miami Beach undercover officer the $8,900 in cash he hoped to exchange for a large quantity of quaaludes. In the present action, in which the city sought to forfeit the currency as contraband, it moved for summary judgment in its favor. In response, Flam filed an affidavit in which he swore that, despite his having repeatedly refused to engage in a drug transaction, he was finally inveigled into the deal by the entreaties and promises of a female police informant with whom he was romantically involved. It is concededly the case that these allegations raise a viable defense of entrapment to the criminal trafficking offense with which Flam was charged. E.g., Lashley v. State, 67 So.2d 648 (Fla. 1953); Spencer v. State, 263 So.2d 282 (Fla. 1st DCA 1972), cert. denied, 267 So.2d 835 (Fla. 1972). The trial court nonetheless entered summary judgment for the city on the apparent ground that the defense was not available in a forfeiture action.[1] We disagree and reverse.
The determinative analysis of the question before us begins, proceeds and ends with the particular terms of the authorizing statute, see In re Forfeiture of 1977 Jeep Cherokee, 443 So.2d 1027 (Fla. 2d DCA 1983), which, because the law is said to abhor forfeitures, must be strictly construed. Ferlita v. State, 380 So.2d 1118 (Fla. 2d DCA 1980); In re 1969 Chevrolet Camaro, 334 So.2d 82 (Fla. 3d DCA 1976), cert. denied, 342 So.2d 1103 (Fla. 1976). In this instance, the city proceeded against the cash as a contraband article under Sec. 932.701(2), Fla. Stat. (1981), which provides that
(2) As used in ss. 932.701-932.704, "contraband article" means:
(a) Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange which has been, is being, or is intended to be used in violation of any provision of chapter 893. [e.s.]
In our view, the explicit requirement that the currency be used in a "violation" of the drug control statutes is not met when its owner has been entrapped into the transaction. This is because, in such an instance, no violation of the law has in fact taken place. In a definitive discussion of the entrapment doctrine the Supreme Court has very recently so held. In Bell v. State, 369 So.2d 932, 934 (Fla. 1979), it was said:
The basis of the entrapment defense is that the conduct of the entrapped innocent defendant lies outside the intent of the criminal proscription. Sherman v. United States, 356 U.S. 369, 372, 78 S.Ct. 819, 821, 2 L.Ed.2d 848, 851 (1958).
*369 Our conclusion is  ironically, it might be thought  strengthened by what is, to our knowledge, the only previous case, United States v. One 1977 Pontiac Grand Prix, 483 F. Supp. 48 (N.D.Ill. 1979), which directly (if briefly) deals with the present issue and which rejects entrapment as a defense to the forfeiture proceeding involved there. See also, United States v. One Assortment of 89 Firearms, ___ U.S. ___, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984) (effect of entrapment on forfeiture mooted). But in holding that "[a] valid defense of entrapment to a criminal charge does not affect the question whether the vehicle was used to transport or facilitate the sale of heroin," 483 F. Supp. at 49, the Pontiac court was interpreting 21 U.S.C. § 881, which, decisively unlike Sec. 932.701(2)(a), requires only that the offending article be put to an objectively forbidden use. It provides:
(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
* * * * * *
(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [a controlled substance].
Id. See also, One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972) (lack of criminal intent no defense to federal forfeiture); United States v. Twenty-Eight "Mighty Payloader" Coin-Operated Gaming Devices, 623 F.2d 510, 516 (8th Cir.1980) ("The innocence of the owner is not a defense to forfeiture, since the proceeding is in rem against the article to be forfeited").
So if, in the present situation, the Florida law had defined contraband as including, for example, "money used or intended to be used in exchange for a controlled substance," it may well be that, since entrapment is irrelevant to the existence of that hypothetical statutory fact, the result would be the same as under the equivalent federal language. However, by preconditioning the application of the Florida Statute upon the "violation" of a criminal statute, which by definition may be "violated" only by a person, rather than an object, and which is not "violated" when entrapment is involved, the legislature has compelled a contrary holding.
Accordingly, the summary judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed.
NOTES
[1] The appellee's claim that the entrapment defense may not be asserted because it was not contained in the answer to the rule to show cause is wholly without merit. The city did not move to strike the respondent's affidavit or otherwise object to the consideration of this issue below. Since any such objection would have been met by an unanswerable motion to amend the answer, Fla.R.Civ.P. 1.110(d), the city is deemed to have waived any alleged procedural defect. Toffel v. Baugher, 111 So.2d 290 (Fla. 2d DCA 1959); see Holl v. Talcott, 191 So.2d 40 (Fla. 1966).