UNITED STATES of America,
Plaintiff-Appellee,

v.

FIFTY THOUSAND DOLLARS
($50,000) U.S. CURRENCY,
Defendant-Appellant.

No. 84–1062.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 31, 1984.

Decided March 22, 1985.

James D. O'Connell (argued), Highland Park, Mich., for defendant-appellant.

Leonard R. Gilman, U.S. Atty., Detroit, Mich., Ronald W. Rice, Asst. U.S. Atty. (argued), for plaintiff-appellee.

Before MERRITT, Circuit Judge, PHILLIPS, Senior Circuit Judge and BERTELSMAN, District Judge.*

PHILLIPS, Senior Circuit Judge.

This civil forfeiture action involves $50,000 in currency paid by Glenn Lasuita to federal undercover agents for the purchase of a large amount of marijuana.

**I.**

On May 5, 1982 the Government filed a civil complaint in the United States District Court for the Eastern District of Michigan for forfeiture of the currency. The complaint alleged that the defendant currency was used in an illegal sale or exchange for

---

* Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

a controlled substance in violation of 21 U.S.C. § 881(a)(6).[1]

On June 14, 1982 Lasuita filed a claim of title to the $50,000 in currency. He also filed an answer to the complaint praying that the $50,000 be returned to him.

The civil forfeiture action was assigned to the docket of District Judge James P. Churchill.

On January 20, 1983 a grand jury for the Eastern District of Michigan returned an indictment against Lasuita charging him with conspiracy with intent to distribute marijuana and with various overt acts in connection therewith. Lasuita filed a defense of entrapment. The criminal case was assigned to the docket of District Judge Horace W. Gilmore.

The forfeiture action in Judge Churchill's court was stayed until disposition of the criminal action. The jury returned a verdict of guilty against Lasuita in the criminal case. This conviction was reversed by this Court on the ground of an error in the charge of the district court to the jury with respect to the defense of entrapment. We reversed and remanded for a new trial. Reference is made to the opinion of this Court in *United States v. Lasuita*, 752 F.2d 249 (6th Cir.1985) for a more comprehensive statement of pertinent facts.

## II.

After the conviction of Lasuita in the criminal action, the Government moved for summary judgment in the forfeiture proceeding. Lasuita continued to rely upon the defense of entrapment. District Judge Churchill entered an order on December 1, 1983 granting summary judgment in favor of the Government.

**1. 881 Forfeitures.**
(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them: ...
(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable

Judge Churchill found that "[t]here is no real factual issue concerning the use of the $50,000 to attempt to purchase marijuana from a government agent on a 'reverse buy and bust' operation. Although there is evidence that he had borrowed some of the money, there is no genuine issue of fact concerning Glenn F. Lasuita's (the claimant) ownership of the money." Judge Churchill further held that "the Court's only concern in granting the motion for summary judgment forthwith was the possible dilemma that would be created if Lasuita's conviction is reversed on appeal.

"The money is subject to forfeiture if used in exchange for a controlled substance in violation of the Controlled Substances Act. Lasuita raised the defense of entrapment. The defense of entrapment is a defense based upon policy. The policy is that because of the circumstances a person ought not be convicted of a crime he has committed, rather than because the crime was not in fact committed. *See* 21 Am. Jur.2d, Criminal Law Sections 2-2-209. *Also see United States v. One 1977 Pontiac Grand Prix*, 483 F.Supp. 48 (N.D.Ill. 1979).

"The government is entitled to forfeiture even if the conviction is reversed on the grounds of entrapment."

Lasuita appeals.

■ We affirm the summary judgment in the forfeiture proceeding on authority of the recent decision of the Supreme Court in *United States v. One Assortment of 89 Firearms*, —— U.S. ——, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984). In that forfeiture case, as on the present appeal, the claimant for the forfeited property relied upon a defense of entrapment. In the earlier criminal case, he was found not guilty on the criminal charge of knowingly engaging in

to such an exchange and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

the business of dealing in firearms without a license. The Government then instituted an *in rem* proceeding for forfeiture of the firearms involved. The Supreme Court held that the acquittal of the gun owner on the criminal charges involving firearms did not preclude a subsequent *in rem* civil proceeding against the firearms. Chief Justice Burger, writing for a unanimous Court, held that the difference in the relative burden of proof in criminal and civil actions precludes acquittal on the forfeiture charge; that acquittal on a criminal charge merely reflects the existence of a reasonable doubt as to the guilt of the defendant, not innocence; and that neither the doctrine of collateral estoppel nor double jeopardy is applicable. The Court disapproved its earlier decision in *Coffey v. United States,* 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886), to the extent that it suggests to the contrary. The Chief Justice placed emphasis upon *Helvering v. Mitchell,* 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938). In *Mitchell,* a taxpayer was acquitted on criminal charges that he willfully attempted to defeat income taxes by fraudulently misstating certain items on his tax return. The Commissioner of Internal Revenue then brought an action to recover a substantial monetary penalty for fraudulent avoidance of income tax. The Supreme Court, in *Mitchell,* speaking through Justice Brandeis, held that recovery of the civil penalty by the Government was not barred by the acquittal of the defendant in the criminal case and that the doctrines of *res judicata* and double jeopardy were not applicable.

The Chief Justice also placed emphasis upon *One Lot Emerald Cut Stones and One Ring v. United States,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972) (per curiam), holding that a civil action for forfeiture of a ring and stones was not barred by the prior acquittal of the owner on charges of willfully and knowingly, with intent to defraud the United States, smuggling articles into this Country without complying with customs procedures. The Court held that entrapment was not an absolute bar to the institution of forfeiture subsequent to the acquittal. The Court ruled that the forfeiture proceeding was not precluded, whether defendant had been acquitted on grounds of entrapment or lack of intent, *see* 104 S.Ct. at 1104–05, because of the different standard of proof required in the forfeiture proceeding, *see* 104 S.Ct. at 1105.

### III.

■ Under the express provisions of 21 U.S.C. § 881(a)(6) quoted in footnote 1 of this opinion, money is subject to forfeiture when furnished in exchange for a controlled substance. The Government has the burden of showing probable cause that the currency was furnished in exchange for a controlled substance. The burden of proof is the same as that applicable to forfeiture under the customs laws, as determined by 19 U.S.C. § 1615, made applicable to this proceeding by 21 U.S.C. § 881(d). *United States v. $83,320 in United States Currency and $40 in Canadian Currency,* 682 F.2d 573, 576–7 (6th Cir.1982). *See also Colonial Finance Co. v. United States,* 210 F.2d 531, 533 (6th Cir.1954) (per curiam); *United States v. $22,287.00 in U.S. Currency,* 520 F.Supp. 675 (E.D.Mich.1981).

■ The burden then shifts to the claimant to prove that the money was not used in violation of the statute. Claimant Lasuita has not carried this burden in the present case.

Lasuita does not dispute that the currency involved was furnished by him for the purchase of marijuana. Nor does he dispute that he delivered the currency to a DEA agent to purchase marijuana. We agree with District Judge Churchill that "There is no real factual issue concerning the use of the $50,000 to attempt to purchase marijuana from a Government agent."

Thus, the record shows that there is no genuine issue as to any material fact and that the Government is entitled to summary judgment as a matter of law. Fed.R. Civ.P. 56(c).

The judgment of the district court is AFFIRMED.

MERRITT, Circuit Judge, dissenting.

The import of the majority's holding is that claimant Lasuita cannot assert the entrapment defense in this forfeiture proceeding. Implicit in this holding is the theory that the government need show probable cause only for the physical act of exchanging money for the marijuana. Because I believe the opinion contains several fundamental errors, I respectfully dissent.

First, the majority, after reproducing the language of 21 U.S.C. § 881(a)(6) verbatim, incorrectly paraphrases that provision by stating: "Under the express provisions of 21 U.S.C. § 881(a)(6) ... money is subject to forfeiture when furnished in exchange for a controlled substance." *Ante* at p. 105. In fact, the express provisions of section 881(a)(6) establish that money is subject to forfeiture when "furnished ... by any person in exchange for a controlled substance *in violation of this subchapter*." 21 U.S.C. § 881(a)(6) (1982) (emphasis supplied). By reference to "violation of this subchapter," section 881(a)(6) clearly establishes the necessity of proving the underlying statutory violation in order to forfeit "derivative contraband," *i.e.*, items otherwise legal like cars and money, which become forfeitable because used in connection with a criminal event. When the property to be forfeited is derivative contraband, that property "derives" its illegality from its connection to a prohibited act rather than from the inherently illegal nature of the property itself. In derivative contraband cases, the violation of a criminal law usually becomes, as here, an essential part of the statutory scheme and the government's burden of proof. Unlike the forfeiture of inherently illegal items that occurs within the context of a criminal prosecution, *see, e.g., United States v. Jeffers*, 342 U.S. 48, 54, 72 S.Ct. 93, 96, 96 L.Ed. 59 (1951) (narcotics seized in violation of the

Fourth Amendment were nevertheless contraband and claimant was not entitled to their return), and unlike other forfeiture statutes that proceed essentially on strict liability theories, *see, e.g., One Lot Emerald Cut Stones*, 409 U.S. 232, 234, 93 S.Ct. 489, 491, 34 L.Ed.2d 438 (1972) (government "bears no burden with respect to intent" under the Customs Act for forfeiture of undeclared goods brought into the United States), the language of § 881 expressly provides that the violation of the statute must be proven to forfeit property that is otherwise legal.

The government in this case therefore must prove probable cause for finding that the money was "exchange[d] for a controlled substance in violation of [the Act]." A violation of the Act, as defined in the relevant section of the statute § 841(a),[1] occurs when the defendant "knowingly or intentionally" performs the prohibited act. Proof as to intentionality is thus a necessary part of the government's probable cause showing.

An underlying assumption of the majority's reasoning is that the government's probable cause burden is met merely by proof of the physical act of exchanging money for marijuana. By focusing on the statutory language that refers to the "exchange for a controlled substance," and by omitting reference to the phrase "in violation of this subchapter," the majority removes the intentionality element from the government's required probable cause showing and establishes a probable cause standard under section 881(a)(6) that is satisfied merely by proof of the physical act of the allegedly illegal exchange. The very language of the statute militates against such a standard.

Lasuita argues that, because he was entrapped, he did not have the requisite intent to violate the Act. If he were able to prove his entrapment by a preponderance

---

**1.** Although Lasuita allegedly violated the conspiracy section of the Controlled Substances Act, § 846, the relevant companion section for "possession of marijuana with the intent to distribute" is found in § 841(a).

of the evidence in the forfeiture action,[2] he would prove that the Controlled Substances Act had not been violated for purposes of forfeiture. Since the threshold triggering mechanism for forfeiture under § 881(a)(6) is a statutory violation, proof that no statutory violation had occurred would defeat the civil forfeiture.

The Court below construed entrapment as a policy-based defense prohibiting the punishment of an otherwise guilty defendant. This construction allowed the District Court to conclude that despite Lasuita's possible entrapment, and despite the possibility that Lasuita's conviction would be reversed on appeal based on entrapment, he nevertheless had violated the statute because even the successful assertion of the entrapment defense in the criminal case does not negate the commission of the crime. The effect of this ruling is that entrapment cannot be used in a subsequent forfeiture proceeding as part of the owner's case to prove that the property was not used unlawfully.

This view is wrong for two reasons. First, the District Court's view of entrapment is inconsistent with the Supreme Court's interpretation of the entrapment defense set out over fifty years ago in *Sorrells v. United States*, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). Correctly conceived, according to the Court, entrapment "is available, not" because "the accused, though guilty, may go free, but" because "the Government cannot be permitted to contend *that he is guilty of a crime* where the government officials are the instigators of the conduct." *Id.* at 452, 53 S.Ct. at 216 (emphasis supplied). Accord, *United States v. Russell*, 411 U.S. 423, 435, 93 S.Ct. 1637, 1644, 36 L.Ed.2d 366 (1973) (entrapment is a question whether officials " 'implant in the mind of an innocent person the disposition to commit the offense and induce its commission in order that they may prosecute' ") (citations omitted). Thus entrapment goes to the heart of the crime. An entrapped defendant has not committed the crime or violated the statute in question.

Second, even if we were to adopt the theory that entrapment is simply a policy-based defense which prohibits punishing an otherwise guilty defendant, we would conclude that entrapment can be asserted in civil forfeiture proceedings. The same policy considerations underlying the entrapment defense in the criminal setting can apply with equal force to the civil setting. Entrapment has been conceived either as a means to deter unlawful government overreaching and instigation of crime or as a rule of fairness that precludes punishing someone who would not have committed a crime but for the government's instigation. Both of these principles logically and fairly apply to civil forfeiture proceedings. First, the government should be deterred from conduct that induces people to forfeit their private property; as guardian of a range of individual rights—property and otherwise—the government should be deterred from inducing conduct that causes a forfeiture of these rights. Second, if one would not have committed the forfeiture-triggering act but for the government's instigation, then a rule of fairness prohibits the government from taking advantage of that act by securing the forfeiture.

It follows from the foregoing analysis that (1) the government must include proof as to intentionality in its probable cause showing, and (2) the property owner can then use the defense of entrapment to sustain his or her burden of proving that the property was not used in violation of the statute. To affirm the District Court's

---

**2.** In the criminal proceeding, of course, the burden remains on the government to prove that the defendant was not entrapped. *See, e.g., United States v. Hammond,* 598 F.2d 1008, 1011 (5th Cir.1979). Therefore, a defendant can prevail on an entrapment defense simply by creating a reasonable doubt as to the government's proof that he was not entrapped. In the civil forfeiture proceeding, however, the burden is on the property owner to prove that property was not used unlawfully, *see United States v. $83,320 in United States Currency,* 682 F.2d 573, 577 (6th Cir.1982); therefore, Lasuita must be able to prove his entrapment by a preponderance.

grant of summary judgment is to ignore the clear language of the forfeiture statute as well as the requisites, outlined above, that follow from that language.[3]

A second fundamental error is the majority's misplaced reliance on *United States v. One Assortment of 89 Firearms*, — U.S. ——, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984), as controlling authority for the present case. I agree with the majority's statement that the Court in *89 Firearms* held that "the acquittal of the gun owner on the criminal charges involving firearms *did not preclude* a subsequent *in rem* civil proceeding against the firearms." *Ante* at p. 105 (emphasis supplied). But such a holding clearly relates to whether, as a *threshold* matter, a prior acquittal of a criminal charge "automatically bar[s] an action to enforce sanctions by way of forfeiture of goods or other civil penalties." *Id.*, 104 S.Ct. at 1104 (analyzing the holding of *Helvering v. Mitchell*, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938) as a preface to clarification of forfeiture principles). The gun owner in *89 Firearms*, based on his prior acquittal on the defense of entrapment, had asserted the defenses of collateral estoppel and double jeopardy to the forfeiture action. The Court addressed squarely the threshold bar issue and ruled that neither double jeopardy nor collateral estoppel principles served to preclude the forfeiture action.[4] *89 Firearms*, 104 S.Ct. at 1107.

The holding of *89 Firearms* is simply irrelevant to whether, once a forfeiture action goes forward, the property owner may then use the defense of entrapment to prove that otherwise legal property was not used *in violation of the statute*. Thus the critical issue in this case is not addressed, either directly or indirectly, by *89 Firearms*.

For the foregoing reasons, the judgment of the District Court should be reversed.

---

**3.** The District Court rested its summary judgment squarely on its analysis of the function of the entrapment defense. Rather than engaging in fact-finding relative to whether Lasuita could prove entrapment by a preponderance in the civil proceeding, the Court held, as a matter of law, that even the successful assertion of the entrapment defense could not defeat a forfeiture action. The majority's statement that "there was evidence before Judge Churchill that Lasuita intentionally violated the Act and failed to prove by a preponderance of the evidence that he was entrapped" does not alter the reality that the District Court's decision was one of law, not fact. The District Court's decision neither expressly relied on nor fairly implied any weighing of evidence as to Lasuita's state of mind. We cannot impute fact finding to support a decision when there has been none. In fact, the rule of law that the District Court relied on actually negates any need for weighing evidence, since the Court found that "the government is entitled to forfeiture even if the conviction is reversed on the grounds of entrapment." *Ante* at p. 104. Thus, it is irrelevant that the District Court had before it evidence from which it could have determined whether Lasuita could prove entrapment by a preponderance.

**4.** The majority inexplicably characterizes the unanimous Court's decision in *89 Firearms* as also holding that "the difference in the relative burden of proof in criminal and civil actions precludes acquittal on the forfeiture charge...." *Ante* at p. 105. *89 Firearms* does not announce a principle precluding acquittal on a forfeiture charge; it merely announces a principle precluding an automatic dismissal of a forfeiture action on either double jeopardy or collateral estoppel grounds.