891 F.2d 293
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
90 ACRES, More or Less, Located at 2224 Penn Chapel Road,
Warren County, Kentucky Defendant,
James Burton, Linda Burton, Gordon Burton and Audrey Burton,
Claimants-Appellants.
 
 No. 89-5534.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1989.
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this appeal, James and Linda Burton maintain that the district court's order of summary judgment for the United States, in this action brought to forfeit the Burtons' real property, was premature and they are entitled to a jury trial.
 
 
 2
 Although the Burtons did not raise the argument in their brief, at oral argument they contended forfeiture was improper since James Burton had been acquitted of felony charges related to the manufacture of marijuana.
 
 
 3
 After the United States filed its complaint instituting this civil action for forfeiture, the Burtons filed a motion for summary judgment in which they contended that because forfeiture required a drug abuse violation punishable by more than one year's imprisonment and James Burton had been acquitted of felony charges, a forfeiture action "cannot proceed." The motion therefore posed only a question of law to the court which it resolved by overruling the motion on the basis that:
 
 
 4
 acquittal of Burton on the drug distribution charges has no effect on whether civil forfeiture may be pursued. United States v. One Assortment of 89 Firearms, 465 U.S. 354 (1984); United States v. Fifty Thousand Dollars ($50,000) U.S. Currency, 757 F.2d 103 (6th Cir.1985). Civil forfeiture is contingent on a finding of probable cause; not guilt beyond a reasonable doubt. Probable cause is defined as a reasonable ground for belief of guilt supported by less than prima facie proof but more than mere suspicion. United States v. Twenty-Two Thousand Two Hundred Eighty Seven Dollars ($22,287.00), U.S. Currency, 709 F.2d 442 (6th Cir.1983). The question upon which this case turns is whether the United States could demonstrate probable cause to believe that the defendant's property was used to commit a violation of Title 21 punishable by more than one year regardless of Burton's acquittal on the drug distribution charges.
 
 
 5
 That order was not listed in the notice of appeal as one appealed from.
 
 
 6
 Subsequently, the United States sought summary judgment on the basis that under 21 U.S.C. § 841(a)(1) it is a felony to manufacture marijuana, and that in the course of James Burton's criminal trial, uncontroverted evidence was introduced that the Burtons engaged in that conduct. Specific portions of the trial transcript were referenced in support of that contention. In their one-page response, the Burtons did not argue that a genuine issue of fact remained for trial, nor did they refer to any evidence that would demonstrate the existence of a factual issue. Instead, they responded
 
 
 7
 by adopting their own motion for summary judgment previously filed on 4-6-88, which is incorporated herein by reference. Defendants state that this case should be set for a pre-trial conference and ultimately set for a bench trial. If the United States is granted a summary judgment, an outrageous miscarriage of justice will occur. These defendants demand a trial before the Court so that this matter can truly be decided on its merits, and not on the government's hysteria.
 
 
 8
 In its Memorandum and Order granting summary judgment to the United States, the trial court noted the evidence referenced by the United States in support of its motion, and concluded that the evidence was sufficient to constitute probable cause that the property was used to manufacture marijuana; that the Burtons had pointed to no evidence to dispute the evidence relied upon by the United States; and that therefore there was no genuine issue of material fact for trial.
 
 
 9
 We are unable to say the district court erred in granting summary judgment to the United States in view of the procedural default of the Burtons in responding to the motion for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Accordingly, we affirm the judgment of the district court upon the reasoning found in its Memorandum and Order dated March 27, 1989.