UNITED STATES of America, Plaintiff,

v.

ONE HUNDRED THREE THOUSAND TWENTY FIVE DOLLARS ($103,-025.00) IN UNITED STATES CURRENCY, Defendant.

Civ. A. No. 88-13-VAL (WDO).

United States District Court,
M.D. Georgia,
Valdosta Division.

July 17, 1990.

**904**

Frank L. Butler, III, Asst. U.S. Atty., Macon, Ga., for plaintiff.

Murray M. Silver, Atlanta, Ga., for J.A. Baxter, Zobie Hill and Thomas Daniels.

## ORDER

OWENS, Chief Judge.

A non-jury trial was held in the above-captioned matter on February 6, 1990, and both parties have since submitted their post trial briefs; therefore, the court will now decide the issues before it. The first issue the court will address is whether claimant Zobie Hill has standing to contest the forfeiture at issue in this case.

■ Although the government concedes that claimant has satisfied the requirements for statutory standing under Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the government argues that claimant has failed to demonstrate Article III standing sufficient to entitle him to contest this forfeiture action. The government cites the case of *United States v. $321,470.00 in United States Currency*, 874 F.2d 298 (5th Cir. 1989), for the propositions that although a possessory interest in property may be enough to confer standing, this possessory interest must be a colorably lawful interest in the property, and that Congress certainly had no intention to elevate naked possession into equitable ownership in circumstances pointing to the likelihood that the possessor was a courier of drug money. In *United States v. $321,470.00,* the Fifth Circuit held that under the facts of the case, where the claimant was a naked courier,

carrying an unexplained cash hoard, from an unknown owner to an unknown recipient in suspicious circumstances, claimant did not have the level of possessory interest requisite for standing to attack the forfeiture proceeding. However, the facts presently before this court are different enough for the court to find that claimant has standing to contest the forfeiture at issue.

■ Having determined that claimant has standing to contest the forfeiture at issue, the court will now address claimant's assertion that the court should dismiss the government's complaint for forfeiture. Claimant argues that the complaint should be dismissed for failure to comply with Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims which requires that the complaint shall state the circumstances from which the claim arises with such particularity that the claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading. In his argument for dismissal, claimant relies heavily upon *United States v. $38,000.00 in United States Currency*, 816 F.2d 1538 (11th Cir. 1987), for the proposition that the allegations in the complaint do not supply the requisite factual basis for a reasonable inference that the property is subject to forfeiture.

In *United States v. $38,000.00,* the Eleventh Circuit found that an examination of the complaint shows that "the only facts presented in the complaint are that the DEA seized the currency from Darrell Scott Woods in the Atlanta Airport on May 23, 1984." In the matter presently before this court the complaint also shows the basic facts of who seized the currency, where it was seized, and from whom it was taken. However, the complaint goes on to state that in the vehicle in which the $103,025.00 was found, marijuana was also found and that the occupants were charged with violations of the Georgia Controlled Substances Act. The complaint further states that a review of the criminal record of one of the occupants "revealed a history

of drug offenses, including a federal charge for possession with intent to distribute heroin," and that he was on lifetime parole for a narcotics violation at the time.

Upon consideration of the facts of the matter before this court, the court finds that the complaint alleges facts sufficient to satisfy the requirements of Supplemental Rule E(2). Accordingly, the government's complaint will not be dismissed.

■ The court will now address the issue of whether the government has made a showing of probable cause to believe that the defendant currency represents proceeds traceable to an exchange of a controlled substance or was used or intended to be used to facilitate the sale or purchase of a controlled substance. Probable cause is defined as "a reasonable ground for belief of guilt supported by less than prima facie proof but more than mere suspicion." *United States v. A Single Family Residence*, 803 F.2d 625, 628 (11th Cir.1986). Probable cause "must be judged not with clinical detachment but with a common sense view to the realities of normal life." *United States v. $4,255,000.00 in United States Currency*, 762 F.2d 895, 904 (11th Cir.1985). The court should look at the totality of the circumstances in making a finding of probable cause. *United States v. $319,820.00 in United States Currency*, 620 F.Supp. 1474, 1478 (N.D.Ga.1985).

The government asserts that the following facts create probable cause to support the belief that the defendant currency represents proceeds traceable to an exchange of a controlled substance or was used or intended to be used to facilitate the sale or purchase of a controlled substance:

(1) marijuana was found in the vehicle occupied by claimant and his driver, James Baxter, and from which the currency was siezed;

(2) the large amount of currency being carried;

(3) the method of packaging of the currency—in $1,000.00 bundles of mixed denominations held together by rubber bands;

(4) the small denominations of the bills;

(5) the driver, James Baxter, has a criminal history of drug-related offenses, including a federal charge for possession with intent to distribute heroin, and was also on lifetime parol for a narcotics violation at the time of the seizure in question;

(6) when first questioned about the currency, claimant denied that it was his and stated that it belonged to T.D.'s Auto Sales and that Thomas Daniels, the owner of T.D.'s Auto Sales, had given the money to him and Mr. Baxter;

(7) on April 20, 1988, Thomas Daniels was convicted in Fulton County Superior Court of trafficking in cocaine and possession of marijuana with intent to distribute; and

(8) claimant, upon first being questioned, stated that he was going to Richardson's Auto Sales in Valdosta; however, Trooper Dickerson, from his own experience in wholesale selling of used cars, knew that there was no Richardson's Auto Sales in Valdosta and that there was no used car auction operating in Valdosta in 1987.

The court agrees with the government that under the totality of the circumstances the considerations set forth above establish probable cause to believe that the currency is proceeds traceable to a narcotics transaction or was intended to be used to facilitate a narcotics transaction. Of particular significance is the nature of the currency itself—the way it was packaged, the mixed denominations of the bills, and the sheer amount of currency consisting of a large number of small bills—which in this court's own experience and consistent with the facts in other cases read by the court, appears to be a common thread running through cases involving controlled substances and the proceeds therefrom.

■ In a forfeiture case, although the government has the initial burden of proving probable cause exists, once probable cause is established the burden shifts to the claimant to prove by a preponderance of the evidence that the currency is not subject to forfeiture under 21 U.S.C. § 881. *United States v. $50,000.00 in United States Currency*, 757 F.2d 103 (6th Cir.

1985); *United States v. One 1974 Porshe 911S,* 682 F.2d 283 (1st Cir.1982).

 In trying to prove that the large sum of money in question is not subject to forfeiture, claimant asserts that he won the majority of the money gambling after he lost his job. He is unclear, however, as to the amounts he won and when he won the money. Also, for the years he claimed he won the money, his tax returns do not show any gambling winnings to support this claim.

Claimant testified that he kept the money in a large wooden box in the utility room attached to his house; however, his wife testified in her deposition that she never recalled seeing a large wooden box in the utility room during the years in question (1985–87). Claimant's wife also testified that she never knew anything about claimant having or keeping large sums of money around the house. The court also finds it highly unlikely that a person would keep such a large sum of money in a box in a utility room accessible only from the outside of the rest of the house.

When claimant was stopped by Trooper Dickerson the only thing in the trunk of the car was a blue Samsonite bag containing the money. Claimant testified that he brought the bag from home; however, his wife testified that she did not recall them owning a blue Samsonite bag.

This court finds that claimant has not produced credible evidence to show legitimate ownership of this currency. The court also finds that the facts support the conclusion that the defendant currency is proceeds traceable to a narcotics transaction or was intended to be used to facilitate a narcotics transaction. Accordingly, the court ORDERS the defendant currency FORFEITED to the United States of America for disposition according to law.

SO ORDERED.