955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
$29,599.98 IN U.S. CURRENCY, on deposit in the Asset
Forfeiture Holding Account (Proceeds from the sale of 3954
Fuller Court, a Red Brick Single Family Residence), Sued as
a Red Brick Single Family Residence at, also known as Lot
11, Block 10, together with appurtenances, improvements,
easements and fixtures; $40,800.00 In United States
Currency; Ford Mustang 1979 VIN 9R04Z147198, Yellow, Two
Door; Ford Bronco II 1985 VIN 1FMCU1452EUC58907, Two-Tone
4x4, Defendants,
Michael Miranda, Claimant-Appellant,
and
Liz Miranda, Claimant.
 No. 91-1196.
 United States Court of Appeals, Tenth Circuit.
 Feb. 11, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument. We grant the motion to proceed in forma pauperis and proceed to the merits.
 
 
 2
 Mike Miranda appears here as claimant against the defendant properties, including $29,599.98 and two cars, seized by the United States Government in civil forfeiture proceedings under 21 U.S.C. § 881. The government alleged, and the district court found following a bench trial, that Mr. Miranda used and acquired the defendant properties in connection with the sale of cocaine. He was convicted at trial of possession with intent to distribute cocaine, and is currently serving a six-year sentence on that charge. Mr. Miranda has not appealed his conviction.
 
 
 3
 Mr. Miranda raises a number of challenges on appeal. First, he contends that he was denied the rights to a jury trial and confrontation of witnesses. Mr. Miranda was represented by counsel throughout both his criminal and civil forfeiture trials. Because there is no evidence in the record on appeal that either he or his attorney ever requested a jury trial, we hold that he has waived his right to be tried by a jury. See Fed.R.Civ.P. 38(d). We further note that the right to confront witnesses applies only in criminal proceedings and therefore does not attach to Mr. Miranda's civil forfeiture trial. In fact, Mr. Miranda was present for the last day of the bench trial, and he testified for the defense.
 
 
 4
 Mr. Miranda also alleges that his former girlfriend, Cathy Plunk, perjured herself in testifying against him at the civil trial, and that she entrapped him into obtaining the kilogram of cocaine that was the basis of this forfeiture action. After hearing witnesses, the district court found specifically that the "testimony of Detectives Dennis Petersohn and Dale Wallis ... is credible, the testimony of Mrs. Plunk is credible, and that the examination by police dog Belker of the defendant currency was conducted under credible circumstances." Final Order of Forfeiture at 1. Despite Mr. Miranda's contention that Ms. Plunk's testimony was coerced and therefore incredible, we are not at liberty to re-evaluate credibility determinations made by the trier of fact. See United States v. Fox, 902 F.2d 1508, 1515 (10th Cir.), cert. denied, 111 S.Ct. 199 (1990). Moreover, we see nothing in the sections of the criminal trial transcript to which Mr. Miranda directs our attention to support his inference that Ms. Plunk's testimony there was so favorable to him that it would have prevented the instant forfeiture if repeated. For that reason, we decline to order a transcript of the forfeiture trial as requested by Mr. Miranda.
 
 
 5
 With respect to Mr. Miranda's entrapment defense, we note that Mr. Miranda has already offered this claim at his criminal trial. Claimant's Ex. 6 at 2. In successfully prosecuting him, the government has necessarily proved beyond a reasonable doubt that Mr. Miranda was not entrapped. Although this Circuit has not yet resolved whether entrapment is available as a defense to a civil forfeiture action after it has been successfully established at a criminal trial, see United States v. $50,000 in U.S. Currency, 757 F.2d 103, 105 (6th Cir.1985) (entrapment not available), we can see no reason to allow Mr. Miranda an opportunity to prove by a preponderance what a jury of twelve has unanimously rejected beyond a reasonable doubt. See Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 568-69 (1951) ("issues which were essential to the verdict" of guilty may "work an estoppel in favor of the Government in a subsequent civil proceeding").
 
 
 6
 We find no merit in any of Mr. Miranda's claims of irregularity in the forfeiture proceedings, and we therefore AFFIRM the district court's holding in all respects. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3