874 P.2d 542

**Richard L. CADE, Director, Dept. of Law Enforcement, State of Idaho, Plaintiff–Appellant,**

v.

**ONE 1987 DODGE LANCER SHELBY 4–DOOR, VIN 1B3BX68E3HN435087, & Its Equipment and Appurtenances, Defendant–Respondent.**

No. 20890.

Supreme Court of Idaho,
Boise, February 1994 Term.

May 20, 1994.

Larry EchoHawk, Atty. Gen., and W. Corey Cartwright, Deputy Atty. Gen. (argued), Boise, for plaintiff-appellant.

Lonnie F. Sparks, Spokane, WA, for defendant-respondent.

BISTLINE, Justice.

The question presented in this case is whether the defense of entrapment is available in a civil forfeiture action brought pursuant to I.C. § 37–2744, the Uniform Controlled Substances Act. The defense of en-

trapment is available in many criminal charges, but has not been held to apply to civil proceedings. Thus, the Court is faced with an issue of first impression; we conclude that entrapment may apply to a civil proceeding. This issue was properly presented to the magistrate and the matter should therefore be remanded for his ruling whether Allen was entrapped.

## BACKGROUND AND PROCEEDINGS BELOW

The facts which led up to this suit are as follows. In the fall of 1990, Michael Allen was put in touch with some contractors in regard to a building job he needed done. The contractors were in fact undercover police agents. In a series of conversations with Allen, the police officers asked Allen if he could obtain some marijuana for them, allegedly as a condition to their performing the building job for him at a bargain price. Allen procured two small bags of marijuana for the officers, worth $35 each, and arrived in his 1987 Dodge Lancer to make the delivery. As he delivered the second bag, this time driving an old pickup truck, he was arrested and charged. The police then contacted Allen's wife, and asked her to drive the Dodge Lancer to the police station to "help" him. When she arrived the police seized the vehicle.

This civil forfeiture action was filed on December 20, 1990. The Complaint alleged that on November 20, 1990, Allens' vehicle was used in the transportation and delivery of controlled substances. Based on I.C. § 37–2744 the Department of Law Enforcement, through Director Cade, sought to have the vehicle forfeited.

In his Answer, Allen asserts that he was entrapped. He argues that the police inveigled him into committing the crime of delivering marijuana, which he would not otherwise have committed. At a forfeiture hearing before the magistrate judge, Allen presented evidence of entrapment but the magistrate ruled that entrapment is not a defense to a civil forfeiture proceeding, and ordered the vehicle forfeited. On appeal to the district court, Allen argued that entrapment is a viable defense in a forfeiture proceeding pur-

suant to I.C. § 37–2744, and that it should have been considered by the magistrate judge. The district court agreed with Allen, reversed the magistrate's ruling on the applicability of the entrapment defense, and remanded the cause. This appeal followed. This Court assigned the case to the Court of Appeals, which reversed the district court and found that entrapment did not apply. Allen petitioned this Court for review.

Concurrently, a criminal case was also filed against Allen. Allen was charged with two counts of delivery of a controlled substance, felonies under I.C. § 37–2732(a)(1)(B). Allen initially pled not guilty, but after his charge was reduced to one count he entered a guilty plea.

There are now two issues before this Court: I) Whether entrapment is a viable defense for Allen in a civil forfeiture proceeding pursuant to I.C. § 37–2744; and II) Whether the guilty plea previously entered by Allen on the predicate criminal charge collaterally estops him from raising an entrapment defense in a civil forfeiture proceeding pursuant to I.C. § 37–2744.

## ANALYSIS

### I. Whether Entrapment May Be A Defense To A Civil Forfeiture Proceeding

In other courts there is a split of authority on whether entrapment applies in civil actions which are predicated upon a criminal violation. The Idaho Supreme Court has not had the occasion to rule on this issue.

One court which rejected the defense in a civil context reasoned that a forfeiture proceeding "is entirely separate from the criminal case" and is "a penalty for the negligence of the owner," as Cade argues. *See United States v. One 1977 Pontiac Grand Prix,* 483 F.Supp. 48, 49 (N.D.Ill.1979). Another court has concluded that because the entrapment defense serves to remove a person's responsibility for a crime he has admitted to committing, it is irrelevant to the separate civil question of whether the government is entitled to take the person's property because of

the crime. *See United States v. Fifty Thousand Dollars U.S. Currency,* 757 F.2d 103 (6th Cir.1985). The United States Supreme Court has never directly addressed this issue. *But see United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984) (defendant acquitted on entrapment defense in criminal case cannot assert collateral estoppel or double jeopardy in forfeiture proceeding arising out of same conduct).

The dissent in *Fifty Thousand Dollars,* 757 F.2d at 106 (Merritt, C.J., dissenting), and then-Judge Silak's dissent in this case before the Court of Appeals, as well as majority opinions in other cases, have reached an opposite conclusion. *See, e.g., Zwak v. United States,* 848 F.2d 1179 (11th Cir.1988) (tax assessment proceeding); *Flam v. City of Miami Beach,* 449 So.2d 367, 368–69 (Fla. Dist.Ct.App.1984). These dissents and opinions reason that if a person is entrapped into committing a crime, he is not guilty of the crime, and his property may not be seized under a statute which allows forfeiture as a penalty for violating the statute. For the reasons set out below, we agree with this view.

The Uniform Controlled Substances Act ("the Act"), I.C. § 37–2701 to 2751, makes it unlawful for any person to manufacture or deliver, or to possess with the intent to manufacture or deliver, a controlled substance. Section 2744 ("the forfeiture statute") provides for forfeiture proceedings against those who violate the Act. The forfeiture statute states:

(a) The following are subject to forfeiture:

(1) All controlled substances which have been manufactured, distributed, dispensed, acquired, possessed or held *in violation of this act* or with respect to which there has been any act by any person in violation of this act;

(2) All raw materials, products and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substances or counterfeit substances *in violation of this act;*

. . . .

(4) All conveyances, including ... vehicles ... which are used, or intended for use, to transport, or in any manner to facilitate the transportation, delivery, receipt, possession or concealment, for the purpose of distribution or receipt of property *described in paragraph (1) or (2) hereof ...*

. . . .

(d) ... Forfeiture proceedings shall be civil actions against the property subject to forfeiture and the standard of proof shall be preponderance of the evidence.

. . . .

(2) ... The court shall order the property forfeited to the director [of the Department of Law Enforcement] *if he determines that such property was used, or intended for use, in violation of this chapter.*

I.C. § 37–2744(a)(d) (emphasis added). The emphasized portions of the above statute indicate clearly that the forfeiture of conveyances used in the delivery of controlled substances is predicated upon a *violation* of the Act.

Cade argues that the Allen's vehicle is subject to forfeiture because it was used in a way which violated the Act, to deliver a controlled substance. Cade's position is that the vehicle may be seized whether or not the *person* accused of violating the Act is convicted. The fallacy of this argument is clear: there can be no violation of the Act if the *person* did not violate it, i.e., if he is not convicted. If the entrapment defense serves to remove him from liability, it must of necessity also eliminate his liability under the forfeiture statute. Thus, the entrapment defense is relevant to the forfeiture proceeding and the Allens were entitled to present it.

We conclude that where the government agents induced Allen to commit the crime of possession and delivery of marijuana (i.e., he was entrapped) then he did not violate the Controlled Substances Act. Since a violation of the Act is a prerequisite to a forfeiture action, it follows that the forfeiture can not occur without the violation. We therefore hold that the entrapment defense may be asserted in a civil forfeiture proceeding

which is predicated on the commission of a crime for which entrapment is a defense.

## II. Whether Allen is Collaterally Estopped from Raising the Entrapment Defense

 As alternative grounds on which to prevail, Cade argues that even if the entrapment defense may be raised in a civil proceeding, it may not be raised when a guilty plea has been entered to the predicate criminal charge. Cade thus asks us to find that Allen is collaterally estopped from raising this defense, even if it is theoretically available, because Allen entered a guilty plea in the accompanying criminal proceeding. We reject this argument because we find that Allen did not enter a guilty plea to the criminal charge on which this forfeiture action is based. Thus, the entire collateral estoppel argument is irrelevant under the facts of this case.

The record shows that the Information charges Allen with two counts. Count I is for unlawfully delivering a controlled substance on November 20, 1990, and Count II is for delivering a controlled substance on November 30, 1990. It is uncontroverted that Allen was driving the Dodge Lancer on November 20 but not on November 30. Thus, the Dodge Lancer was used for the felony in Count I, but a pickup was used for the felony in Count II. The Amended Information charges Allen only with Count II. It is to this charge that Allen pled guilty, having bargained for an *Alford* plea if one count was dropped. However, the Complaint charges Allen with delivery of a controlled substance on November 20, 1991. The Amended Information was filed after the Complaint (the Complaint was filed on November 20, 1990, and the Amended Information was filed on May 24, 1991). Allen admitted and entered an *Alford* plea on the latter of these two documents, the Amended Information.

We therefore find that Allen did not enter a guilty plea to the charge of delivering a controlled substance *in the Dodge Lancer.* The issue of whether he is collaterally estopped from pleading entrapment as a defense in the accompanying civil proceeding is irrelevant. We have already decided in Part I above that he may raise the entrapment defense. This case is remanded to the magistrate to allow Allen to present evidence of entrapment as a defense to the civil forfeiture proceeding. Costs on appeal to Allen.

JOHNSON and TROUT, JJ., and GUTIERREZ, J. Pro Tem., concur.

McDEVITT, C.J., concurs in the result.