508 P.2d 556

The STATE of Idaho, Plaintiff-Respondent,

v.

Danny MOJICA, a/k/a Danny Denton, Defendant-Appellant.

No. 10959.

Supreme Court of Idaho.

April 4, 1973.

Howard I. Manweiler, Boise, for defendant-appellant.

W. Anthony Park, Atty. Gen., J. Dennis (J. D.) Williams, Deputy Atty. Gen., Peter Heiser, Jr., Asst. Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

The issue on this appeal is whether the defendant, Danny Mojica, established a defense of entrapment as a matter of law at trial before a jury. The defendant was charged with and convicted of three counts of illegal possession of a narcotic drug

held for sale. The narcotic drug or controlled substance involved in this case was Numorphan, a synthetic morphine drug.

On June 8, June 9, and June 17, 1970, the defendant sold Numorphan tablets to J. D. Turner, an undercover agent of the Idaho Bureau of Drug Control. On the first occasion, Turner contacted Mojica through Shirley W———, who was an acquaintance of the defendant. Shirley and Mojica suffered from drug addiction, and both were participating in a Methadone program. When Shirley and Turner came to the defendant's apartment, she advised him that Turner was also a drug user. She claimed Turner was her boyfriend, a truck driver from California. At this first meeting Shirley was· ill, suffering from drug withdrawal symptoms.

In presenting his defense of entrapment the defendant emphasizes Shirley's role in effecting the sales. Mojica claims that the agent gained his trust and confidence by having Shirley tell falsehoods about the agent's· name, occupation, and relationship with her. He also claims that the agent used Shirley's withdrawal symptoms to induce the sales and argues that her participation taints all the transactions.

All the sales occurred at Mojica's apartment. Both Turner and Shirley were present on the first occasion, June 8, when Mojica sold Turner two Numorphan pills (known as "blues") for $15.00. Shirley also took some Numorphan pills, "cooked some of it up," and injected it. At the next meeting between Turner and the defendant on June 9, Shirley first called the defendant and arranged for Turner again to see the defendant. Turner went to the defendant's apartment alone and purchased three pills for $25.00.

On the last occasion, June 17, Turner first called Mojica and asked if he could come to the apartment. Turner went to the apartment and told the defendant that he was in town only for a couple of hours. He stated to the defendant that his truck had broken down in Twin Falls, he was in Boise for parts, and he would like to get three tablets. Turner purchased three tablets and paid the defendant $25.00.

After each of the sales, Turner met with other law enforcement agents and delivered the tablets to them.

The record in this case is replete with conflicting testimony over most of the details concerning the sales. Throughout the trial and on argument the defendant urges that all the transactions were instituted by the state officers and that he was unlawfully entrapped in the sales.

When there are issues of fact presented from the record concerning the details involved in sales such as in this case, these issues of fact must be resolved by the jury. The trial court instructed the jury on the law concerning entrapment, and in arriving at its verdict the jury resolved the factual issues against the defendant. When such questions of fact are presented, whether the defense of entrapment has been established is for the jury to determine. See, United States v. Riley, 363 F.2d 955 (2d Cir. 1966). There is no challenge to the jury instructions in the case. The jury had to resolve the factual issues, and to do this they had to determine which of the two versions of the facts was the most credible. In arriving at their verdict of guilty on the three counts of the information, the jury had to resolve the issue of credibility as between the testimony of the agent and that of the defendant. Credibility of the witnesses is within the province of the jury. While the defendant presented evidence sufficient for the jury to consider his defense of entrapment, they were entitled to disbelieve the defendant and to rely on the agent's testimony and find for the State on the issue of guilt. See, Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859 (1958), reh. den. 357 U.S. 933, 78 S.Ct. 1367, 2 L. Ed.2d 1375; Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958).

The judgment of conviction and sentence is affirmed.

DONALDSON, C. J., SHEPARD and McQUADE, JJ., concur.

BAKES, J., sat but did not participate.