874 P.2d 565

**Richard L. CADE, Director, Department of Law Enforcement, State of Idaho, Plaintiff–Appellant,**

v.

**ONE 1987 DODGE LANCER SHELBY 4–DOOR, VIN IB3BX68E3HN436087, and its equipment and appurtenances, Defendant–Respondent.**

No. 19787.

Court of Appeals of Idaho.

July 30, 1993.

Petition for Review Granted Oct. 14, 1993.

Appeal Decided, See 125 Idaho 731, 874 P.2d 542.

Larry EchoHawk, Atty. Gen., W. Corey Cartwright, Deputy Atty. Gen., for appellant. Mr. Cartwright argued.

Lonnie F. Sparks, Spokane, WA, for respondent.

SWANSTROM, Judge.

This is a forfeiture action brought by the Director of the Department of Law Enforcement against a vehicle allegedly used in an illegal drug transaction. A question unique to the Idaho appellate courts is presented by this appeal. The question is whether, in a civil forfeiture action under I.C. § 37–2744, the owner of the vehicle can raise the defense of entrapment, a defense available in a criminal case charging an illegal drug transaction.

■ The Director of the Department of Law Enforcement brought this forfeiture action against a 1987 Dodge Lancer. A forfeiture case is an *in rem* action filed against the property, however, the owners of the property are entitled to appear in the proceeding as the claimants, as provided in I.C. § 37–2744(d)(3). In this case the claimants are Elaine and Michael Allen, the record owners of the vehicle, but we will simply refer to the owner as "Allen," generally meaning Michael Allen. After a hearing, a magistrate in Kootenai County ordered the vehicle forfeited to the Director, ruling that Allen could not invoke the defense of entrapment in the forfeiture action. Allen appealed to challenge this ruling in the district court. The district court's appellate decision reversed the magistrate's order and remanded the case for a new hearing where Allen would be allowed to present his entrapment defense. The Director then brought the present appeal. For reasons given below, we reverse the district court's decision and reinstate the magistrate's forfeiture order.

In the forfeiture hearing before the magistrate, Allen argued that the vehicle should not be forfeited because he was entrapped by law enforcement officers to commit an illegal drug transaction. The other defense Allen presented was that contrary to the evidence put forth by the director, the vehicle was not used in the drug transaction. At the hearing the magistrate ruled that the defense of entrapment was unavailable to Allen in a civil forfeiture case. After the hearing the magistrate issued an order which stated that the evidence showed that the vehicle "had been used or was intended for use in connection with the illegal distribution or dispensing of controlled substances as provided in I.C.

§ 37–2744." The magistrate ordered the vehicle forfeited to the director.

The district court reversed the magistrate's order granting the forfeiture to the director. The district court ruled that the defense of entrapment was applicable in a civil forfeiture case because the action is quasi-penal. The court stated that the same policy considerations supporting the availability of the entrapment defense in a criminal case applied in a civil forfeiture case. The court also stated that it is equitable to apply the entrapment defense to forfeiture, as well as to criminal, cases. The court did not rule that entrapment had or had not been shown as a matter of law, rather, the court remanded the case to the magistrate for findings on the issue. Finally the district court reasoned that a violation of the Uniform Controlled Substances Act, I.C. §§ 37–2701 to –2751, is the true basis for a forfeiture, and when the claimant has been entrapped there is no violation of the Act.

## The Factual Background

The evidence most favorable to Allen, if believed, would support the following facts. Allen owns real property near Athol, Idaho, although he lives in Spokane, Washington. Allen contacted a contractor to make improvements to a structure on the Athol property. The contractor's bid was too high; however, the contractor told Allen that he had a friend who would do a good job for much less. In fact, the contractor had reported his suspicions to a Post Falls police officer that Allen might be planning to use the building for an illegal "grow operation." Allen received a telephone call from a man named "Joe," who told him that he was the friend of the other contractor and was interested in making the improvements. Allen, Joe, and a man named "John" eventually met to discuss the building project. "Joe" and "John," undercover police officers, asked Allen for some "smoke" (marijuana) during their discussions about the proposed building project. After their first meeting with Allen, the officers telephoned Allen several times to ask him whether he was able to secure some marijuana.

The officers testified that they arranged to meet Allen at the Athol property on November 20, 1990. Near the appointed time both the officers and Allen drove to the Athol property. Allen got out of his vehicle, the Dodge Lancer, and the officers got out of the pickup they were in. The three men talked. After ten to fifteen minutes of measuring and walking around the property, they all got into the officers' pickup and drove to a nearby structure. En route, Allen showed the officers two glassine bags of marijuana and sold one of them to the officers for $35. The officers testified that they had closely watched Allen, from when they initially saw each other in their respective vehicles, until the time he produced the marijuana inside their vehicle. Both of the officers testified that Allen could not have obtained the marijuana after he had exited his vehicle from any cache, as Allen testified.[1]

■ The first issue presented by the director is whether the district court erred by reversing the magistrate's decision and concluding that entrapment was a valid defense to a civil forfeiture case. Second, the director contends that Allen is collaterally estopped from asserting entrapment because he pled guilty to delivery of marijuana in the criminal case. The issues presented involve questions of law, therefore we exercise free review. *O'Loughlin v. Circle A Construction*, 112 Idaho 1048, 739 P.2d 347 (1987). First, we will review the purposes and policies of the entrapment defense as applied in criminal cases.

■ The defense of entrapment is judicially and not constitutionally based. *State v. Mata*, 106 Idaho 184, 186, 677 P.2d 497, 499 (Ct.App.1984). Idaho has impliedly adopted the subjective rule of determining whether entrapment has occurred. *Id.* (noting that Idaho Supreme Court has addressed entrapment as a jury issue, thus implying application of the subjective test); *see also State v. Rodriguez*, 118 Idaho 948, 801 P.2d 1299 (Ct.App.1990). The focus under this rule is upon the subjective intent of the defendant and the issue of whether the defendant was predisposed to commit the crime. We noted in *Mata*, that other jurisdictions apply other tests, and that a majority of the Idaho Supreme Court has not passed on the issue of whether the "objective" test or the "hybrid" test may apply. *Id.* The objective test focuses on the government's conduct and its probable effect upon an average defendant. *Id.* (citing *Evans v. State*, 550 P.2d 830 (Alaska 1976)). The hybrid test requires a balance between subjective and objective factors. *State v. Mata*, 106 Idaho at 187, 677 P.2d at 499 (citing *People v. Barraza*, 23 Cal.3d 675, 153 Cal.Rptr. 459, 591 P.2d 947 (1979)). Justice Bistline has criticized the application of the subjective rule without the examination of objective factors as well. *State v. Hansen*, 105 Idaho 816, 820, 673 P.2d 416, 420 (1983) (Bistline, J., dissenting). Justice Bistline stated that the courts should focus more on objective factors, namely, on the nature of the police conduct in addition to the individual to whom it was directed. *Hansen*, 105 Idaho at 820–21, 673 P.2d at 420–21 (Bistline, J., dissenting). In this case we are not faced with the question of which type of entrapment inquiry is appropriate in criminal cases, but rather, whether the entrapment defense is available at all in a forfeiture proceeding.

■ We now turn to forfeiture proceedings in general, and more specifically, the Idaho forfeiture statute, I.C. § 37–2744.[2] Al-

---

1. Although it is not discussed in the transcript of the forfeiture hearing, Allen apparently delivered another glassine bag of marijuana to the officers on November 30. In a separate, yet related, criminal case, Allen entered an *Alford* plea, *see North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to delivery of marijuana in violation of I.C. § 37–2732(a)(1)(B), a felony. This criminal delivery charge resulted from Allen's delivery of the other glassine bag of marijuana on November 30, 1990. The district court entered an order withholding judgment and sentence which placed Allen on unsupervised probation for one year and required that he pay certain costs.

2. Idaho Code § 37–2744 provides in part:
   (a) The following are subject to forfeiture:
   (1) All controlled substances which have been manufactured, distributed, dispensed, acquired, possessed or held in violation of this act; ...
   (4) All conveyances, including ... vehicles, ... which are used, or intended for use, to transport, or in any manner to facilitate the transportation, delivery, receipt, possession or

len cites *Richardson v. $4,543.00, U.S. Currency,* 120 Idaho 220, 225, 814 P.2d 952, 957 (Ct.App.1991), for his contention that a forfeiture proceeding is quasi-penal. Allen's argument is that because this proceeding is quasi-penal, and the forfeiture of the vehicle effects a hardship upon him to the same degree as would a heavy fine in a criminal case, he should be entitled to raise the defense of entrapment. The director asserts that the statute and proceedings pursuant to the statute are civil in nature, and that the entrapment defense is only applicable in criminal cases, thus preventing the application of that defense in this forfeiture case.

Despite the apparent inconsistency, a forfeiture case is both civil and quasi-penal. We must determine which characterization predominates, or at least which one applies in light of the issue before us today. It is clear that the Legislature has already answered the question of whether a forfeiture case is predominantly civil or penal. Forfeiture cases are "civil actions against the property subject to forfeiture and the standard of proof shall be preponderance of the evidence." I.C. § 37–2744(d); *see also Dept. of Law Enforcement v. $34,000 U.S. Currency,* 121 Idaho 211, 824 P.2d 142 (Ct.App.1991).[3] Confusion regarding the nature of forfeiture cases arises given the consequences of a forfeiture. Forfeiture statutes impose economic penalties, thus rendering the illegal behavior unprofitable and deterring future illegal behavior by preventing use of the property. *Dept. of Law Enforcement v. $34,000 U.S. Currency, supra.* Case history further supports the Legislature's view that forfeiture proceedings are primarily civil. *See id.* Furthermore,

> [a]lthough the Supreme Court has considered forfeiture statutes as criminal for the purpose of protecting certain fourth and fifth amendment rights, they are predominantly civil in nature. The Supreme Court, recognizing the historic civil nature of forfeiture statutes, has repeatedly refused to limit their application by imposing the full range of constitutional protections usually associated with criminal sanctions.

*United States v. $250,000 In U.S. Currency,* 808 F.2d 895, 900 (1st Cir.1987) (footnotes omitted); *see also Richardson v. $4,543.00, U.S. Currency, supra* (exclusionary rule extends to forfeiture cases under I.C. § 37–2744 for violations of "knock and announce" statute).

The federal forfeiture statute, 21 U.S.C. § 881, is substantially similar to Idaho's statute.[4] Case law interpreting similar or identical statutes from other jurisdictions is both relevant and helpful. *Cf. State v. Carrasco,* 117 Idaho 295, 298, 787 P.2d 281, 284 (1990) (federal case law applying identical criminal

concealment, for the purpose of distribution or receipt of property described in paragraph (1).... (d)(2) When property described in paragraphs ... (4) ... of subsection (a) hereof is seized pursuant to this section, forfeiture proceedings shall be filed in the office of the clerk of the district court for the county wherein such property is seized. The procedure governing such proceedings shall be the same as that prescribed for civil proceedings by the Idaho Rules of Civil Procedure. *The court shall order the property forfeited to the director if he* [sic] *determines that such property was used, or intended for use, in violation of this chapter....* [Emphasis added.]

**3.** We note the view of one Idaho Supreme Court Justice is that forfeiture actions are "essentially criminal," however, this view has not commanded a majority. *State ex rel. Rooney v. One 1977 Subaru,* 114 Idaho 43, 49, 753 P.2d 254, 260 (1988) (Bistline J., dissenting in part).

**4.** 21 U.S.C. § 881 provides in part:

(a) The following shall be subject to forfeiture to the United States and no property right shall exits in them:

(1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.

(4) All conveyances, including ... vehicles ... which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) or (2).

The United States Supreme Court recently confirmed that forfeitures of property under 21 U.S.C. § 881(a)(4) and (a)(8) are properly considered "punishment" and as such are subject to the Excessive Fines Clause of the Eighth Amendment. *See Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). The issue, that a forfeiture of a vehicle worth several thousands of dollars for a $35 sale of marijuana is excessive punishment, was not raised in this case. Consequently, we voice no opinion on this issue.

rule is helpful and relevant in determination of whether court abused discretion in denying motion to withdraw guilty plea).

Federal cases generally hold that the entrapment defense is unavailable in a forfeiture proceeding. In *United States v. One 1977 Pontiac Grand Prix*, 483 F.Supp. 48 (N.D.Ill.1979), the forfeiture case came before the court on motion for summary judgment. The claimant contended that because he was acquitted of a criminal narcotics charge, forfeiture was unjustified. The court stated that the criminal case, where the claimant was acquitted, arose from a different incident than that for which the vehicle was forfeited. The court alternatively held that even if the two cases arose from the same facts, a forfeiture case is not affected by a valid defense of entrapment in a criminal case. The court reasoned that proof of criminal intent and proof beyond a reasonable doubt are not required in a forfeiture case. Although the claimant relied upon the entrapment defense in the criminal case, and did not specifically plead entrapment in the forfeiture case, the import of the court's holding is that entrapment is no defense in a forfeiture case.

The United States Supreme Court discussed a similar issue in *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984). In *89 Firearms*, the forfeiture proceeding was instituted pursuant to 18 U.S.C. § 924(d) which provides: "[a]ny firearm or ammunition involved in or used or intended to be used in, any violation of the provisions of this chapter ... shall be subject to seizure and forfeiture...." *89 Firearms*, 465 U.S. at 356 n. 2, 104 S.Ct. at 1101 n. 2 (quoting Title 18 U.S.C. § 924(d)). The Supreme Court held that an acquittal on criminal charges arising from the same conduct, where the defendant had pled entrapment, would not bar a subsequent forfeiture case under either collateral estoppel or double jeopardy. *Id.* at 366, 104 S.Ct. at 1107. Although the Supreme Court did not directly address the issue before us, the holding does support the view that entrapment is not a valid defense to a forfeiture case where the government must only prove by a preponderance of the evidence that the

property was actually used in violation of the prescribed statute. This inference was made by the Sixth Circuit of the United States Court of Appeals in *United States v. $50,000 U.S. Currency*, 757 F.2d 103 (6th Cir.1985). In *$50,000 U.S. Currency*, the majority relied upon *89 Firearms* in concluding that entrapment was not a bar to forfeiture.

A dissent accompanying the majority opinion in *$50,000 U.S. Currency* stated that the statutory language in the federal statute required proof that the underlying statute was violated to support forfeiture of "derivative contraband," namely, otherwise legal items used in violation of the drug laws. *$50,000 U.S. Currency*, 757 F.2d at 106 (Merritt, C.J., dissenting). The dissent stated that for the government to prevail in its forfeiture case of derivative contraband, unlike illegal contraband, it must show that the money was used in a transaction in violation of the "act." The dissent then cited 21 U.S.C. § 841(a) concluding that a violation of the act occurs when the defendant " 'knowingly or intentionally' performs the prohibited act." *Id.* Aside from reasoning that the majority erroneously omitted the element of intent or knowledge from the government's prima facie case, the dissent also stated that the majority expressed the policies behind the entrapment defense too narrowly. *Id.* at 107. In addition to the policy of prohibiting punishment of an otherwise guilty defendant who has been entrapped, the dissent set forth two other policies. The first is:

> the government should be deterred from conduct that induces people to forfeit their private property; ... [s]econd, if one would not have committed the forfeiture-triggering act but for the government's instigation, then a rule of fairness prohibits the government from taking advantage of that act by securing the forfeiture.

*Id.* Finally, the dissent criticized the majority's reliance upon *89 Firearms* and stated that a showing of entrapment would bar the plaintiff's showing of a violation of the statute.

Under a slightly different Florida statute, the Florida District Court of Appeal reached a different result than the federal courts. *Flam v. City of Miami Beach*, 449 So.2d 367

(Fla.Dist.Ct.App.1984). The applicable Florida statute required that the money "be used in 'violation' of the drug control statutes". *Id.* at 368. The court stated that drug statutes could only be "violated" by people, and further that, if entrapment occurs, the statute is not "violated." The Florida court distinguished its statutory language from the federal language as applied in *One 1977 Pontiac Grand Prix, supra,* which essentially mandates only a showing that the contraband was used in a drug transaction.

In a tax refund case, the Eleventh Circuit Court of Appeals held that a taxpayer could raise the entrapment defense. *Zwak v. United States,* 848 F.2d 1179 (11th Cir.1988). The court based its decision on policy grounds holding that the same policies supporting the entrapment defense in criminal cases apply in civil cases. The court stated: "Congress could not have intended to impose an excise tax upon a taxpayer who has committed the act subject to taxation, ... but was induced to commit the illegal act by the government." *Zwak,* 848 F.2d at 1184. In a dissent, Judge Hatchett states that the entrapment defense is unavailable in a civil forfeiture case and that the same reasoning set forth in *89 Firearms, supra,* should also apply in the tax case. *Zwak,* at 1185–86 (Hatchett, C.J., dissenting).

After reviewing the above cases and examining the wording of the Idaho statute, we are of the opinion that the entrapment defense is inapplicable to a civil forfeiture case. The wording of the statute is unambiguous as to what the director must show in order to secure a forfeiture. The statute is essentially worded in strict liability language similar to its federal counterpart. "[T]he appropriate focus under the seizure provisions of I.C. § 37–2744(d) is whether a preponderance of the evidence demonstrates the defendant property was used in violation of the Act." *Richardson v. One 1972 GMC Pickup,* 121 Idaho 599, 601, 826 P.2d 1311, 1313 (1992). Idaho Code § 37–2744(d)(2) provides, in part: "the court shall order the property forfeited to the director if he determines that such property was used, or intended for use, in violation of this chapter...." [5] Because the statute is worded in the disjunctive, there need be no showing of intent on the part of the claimant, although the language indicates that proof of this may also suffice. We do not interpret the term "chapter" which replaced "act" to mean it must be shown that the claimant had violated a criminal provision. The director may prevail by merely proving by a preponderance of the evidence that the conveyance was used in violation of the chapter. We interpret the language as requiring only a showing that a particular section, such as 2744 in this case, under Title 37, Chapter 27, Idaho Code, was violated.

▉ The magistrate found that the vehicle had been used or was intended for use in connection with the illegal distribution of marijuana. Proof of the intent or predisposition of the claimant to deliver illegal narcotics is not necessary to secure a forfeiture. By proving that the vehicle was used in connection with the illegal distribution of marijuana, the director met his burden. We are unwilling to rule that the objective or hybrid rule of entrapment is the law in Idaho solely to extend the application of that defense to a civil *in rem* forfeiture case. We hold that the magistrate did not err in ruling that entrapment was inapplicable in the forfeiture case and by refusing to rule on it.

The second issue presented is whether the entry of a guilty plea to the crime of delivery of a controlled substance estops the defendant from raising entrapment as a defense in the civil forfeiture proceeding. There is some contention on behalf of Allen that this second issue was not preserved in the magistrate division. However, we will not address the issue nor the preliminary question of whether it was raised below because of our holding that entrapment is unavailable to a civil forfeiture claimant.

We conclude that the defense of entrapment is inapplicable in a civil forfeiture case. This conclusion renders the collateral estoppel issue moot. The district court's decision is reversed, and the magistrate's order

5. In 1986, I.C. § 37–2744(d)(2) was amended to read as quoted. Prior to the amendment, the subsection read in part: "was used or intended for use, in violation of this act...." 1986 Idaho Sess. Laws 714.

**760**

awarding forfeiture to the director is affirmed and reinstated. We award costs to appellant pursuant to I.A.R. 40.

WALTERS, C.J., concurs.

SILAK, Acting Judge, dissenting.

Because I believe application of the defense of entrapment in civil forfeiture proceedings is inherent in the operation and construction of Idaho's forfeiture statute, I respectfully dissent.

In order to have Allen's vehicle forfeited under I.C. § 37–2744, the state must prove by a preponderance that the controlled substances transported in the vehicle were "manufactured, distributed, dispensed, acquired, possessed or held *in violation of this act.*"[6] Thus, by the plain language of I.C. § 37–2744, forfeiture must be predicated on a violation of the Controlled Substances Act, I.C. §§ 37–2701 to 37–2751. In *State v. Mata*, 106 Idaho 184, 677 P.2d 497 (Ct.App. 1984), this Court stated that "where criminal intent is an element of an offense, such intent must originate in the defendant's mind. It must not be placed there by the government." *Id.* at 186, 677 P.2d at 499. *See also State v. Koller*, 122 Idaho 409, 411, 835 P.2d 644, 646 (1992). The Court further noted in *Mata* that the focus on the mental state or predisposition of the defendant "links entrapment with proof of the elements of an offense." *Id.* Because forfeiture must be predicated on a violation of the Controlled Substances Act, and because there is no violation when the defendant has been entrapped, entrapment is logically and necessarily a valid defense to a forfeiture action. *Id.*

Accordingly, I would hold that the scope of the I.C. § 37–2744, by the statute's plain language, does not encompass cases where an otherwise innocent person has been entrapped by government officials to commit the acts giving rise to the forfeiture action. Because, when entrapment is proven, the case should be deemed outside the intended purview of the forfeiture statute, entrapment should be a valid defense to forfeiture proceedings. I would affirm the appellate decision of the district court, which held that the defense of entrapment was available in civil forfeiture proceedings.

---

**6.** The words "this act" refer to the Uniform Controlled Substances Act, found at I.C. §§ 37–2701 to 37–2751. *See* compiler's notes, I.C. § 37–2701; and I.C. § 37–2751.