Justice HORTON,
concurring.
Although the views expressed in Justice Eismann’s concurring opinion warrant serious consideration, I am unable to join him at this time because we do not have the benefit of briefing from the parties to this appeal and abrogation of the entrapment defense is not necessary to the resolution of this appeal.
This Court first recognized the entrapment defense almost a century ago in State v. Mantis, 32 Idaho 724, 187 P. 268 (1920). Recognition of the defense is nearly universal in this country. State v. Mata, 106 Idaho 184, 186, 677 P.2d 497, 499 (Ct.App.1984). Although it is generally recognized that the defense is not predicated upon constitutional rights, id., this Court has suggested otherwise. In State v. Valdez-Molina, a unanimous decision of this Court declared: “In the entrapment context, however, direct targets of the government’s activity should have standing to contest their convictions on the grounds that the government’s conduct toward third parties was so outrageous that it violated their due process rights because they are direct targets of the government’s conduct.” 127 Idaho 102, 104-05, 897 P.2d *294 993, 995-96 (1995). The Court further stated that the “objective theory of entrapment predicated on due process presents questions of law for the court, and is ordinarily not an issue for the jury.” Id. at 104, 897 P.2d at 995. I find Vaidez-Molina to be noteworthy for the complete absence of citation to authority for these pronouncements.
I am inclined to the views that Valdez-Molina does not represent an accurate statement of the law and that judicial action that contravenes the legislative power to define criminal conduct is inconsistent with our Constitution. That being said, we do not need to decide whether to continue to recognize the entrapment defense in order to decide this appeal. Without input from the interested parties, I am unwilling to break ranks with every other jurisdiction in this nation and overrule long-standing precedent which this Court has indicated is, at least in part, grounded in constitutional protections.